IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAN VALLEJO, Individually, and as Personal Representative of Steve Vallejo;<br><br>              **Plaintiff,**<br><br>  vs.<br><br>AMGEN, INC.,  WYETH, INC., and PFIZER, INC.,<br><br>              **Defendants.** | **CASE NO. 8:14CV50**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's Motion for Leave to File Sur-Reply to Defendants[1] Motion to Dismiss (Filing No. 23).  Plaintiff represents that she has conferred with Defendants and that Defendants take no position on the motion. Defendants do request the opportunity to respond to Plaintiff's sur-reply should the Court grant Plaintiff's Motion.

Under this Court's local rules, "[n]o party may file further briefs or evidence [after the moving party files a reply brief] without the court's leave."  NECivR 7.1(c).  Plaintiff asserts that she seeks to address three issues in her sur-reply brief:

> (1) Defendants claim that the label for Enbrel contained a warning for myelodysplastic disorder along with their misstatements of FDA regulations; (2) Defendants' use of case law that is outdated, irrelevant, or distinguishable with respect to Medication Guides; and (3) Defendants continued misstatements of Plaintiff's California complaint and that the law exempts Defendants' conduct because some regulations exist concerning their conduct.

---

[1] In her Motion, Plaintiff refers to "Defendants" in the plural form; however, the Motion to Dismiss (Filing No. 11) was only filed by Defendant Amgen.

(Filing No. 23 at ¶5.) Plaintiff fails to identify any new arguments raised by Amgen, Inc. ("Amgen") in its Reply Brief that were not raised in either Amgen's Opening Brief (Filing No. 11) or raised by Plaintiff in her Opposition Brief (Filing No. 17). In fact, Plaintiff complains that Amgen's Reply Brief (Filing No. 19) is "substantially nothing more than a restatement of their original motion." (*Id.* at ¶5.) Further, Plaintiff requested, and was granted, thirty (30) additional days to respond to Amgen's Opening Brief. (Filing Nos. 14, 15.) Plaintiff fails to explain why she was unable to fully address these issues in her Opposition Brief, and the Court finds that Plaintiff had sufficient opportunity to address these issues in her Opposition Brief. Accordingly,

IT IS ORDERED: Plaintiff's Motion for Leave to File Sur-Reply (Filing No. 23) is denied.

Dated this 28th day of August, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

2