IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

|  |  |  |
|---|---|---|
| JAN VALLEJO, *INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF STEVE VALLEJO* | ) ) ) ) ) | |
| Plaintiff, | ) | Case No.: 8:14-CV-00050-LSC-CRZ |
| v. | ) ) | |
| AMGEN INC., *ET AL.*, | ) ) | |
| Defendants. | ) ) | |

## STIPULATED PROTECTIVE ORDER

WHEREAS, during the course of this action, the parties or others may be required to produce in discovery information which a party or the person or entity from whom discovery is sought considers to be confidential or trade secret business, financial, or technical information, information protected from discovery by third party rights of privacy or applicable law, or other trade secret, proprietary or confidential information; and

WHEREAS, the parties hereto desire to agree to a protective order for the protection of such information, and documents containing such information, during the pendency of this action and thereafter, and also for resolution of other issues which have or may arise in connection with this litigation;

THEREFORE, IT IS ORDERED that:

1. **Terms:** The terms defined in this Paragraph shall have the meanings provided. Defined terms may be used in the singular or plural.

1.1 **"Producing Party"** means the party, or person/entity other than a party, being asked to produce documents or information considered by that party or person to be Confidential Information, or a party asserting a confidentiality interest in information produced by others.

1.2 **"Receiving Party"** means that party/person/entity receiving or requesting production of Confidential Information.

1.3 **"Confidential Information"** means information, whether or not embodied in any physical medium, including all originals and copies of any document and/or information, used by the Producing Party in or pertaining to its business, or information pertaining to third-party privacy interests, which information the Producing Party reasonably and in good faith judgment believes contains or discloses a trade secret or other confidential research, development, or commercial information.

1.4 **"Litigation Documents"** means all pleadings, motions, affidavits and related papers, all documents produced or exchanged in the course of this action or any settlement negotiations, all written discovery responses and all transcripts and testimony given in depositions, in hearings or at trial.

1.5 **"Termination"** means the dismissal of this Action, or entry of final judgment or expiration of all periods to appeal or seek judicial review of this action.

2. **Redaction of Documents**

2.1 Notwithstanding the provisions of paragraph 1 above, Producing Party may redact from any materials any trade secrets, commercial, technical information, or privacy-related information, including but not limited to:

(a) manufacturing dimensions or tolerances;

(b) chemical formulas or methods of synthesization;

(c) product specifications;

(d) manufacturing methods and processes;

(e) information concerning Defendants' products not at issue in this Action;

(f) names and any information that would identify clinical trial subjects or patients (other than the parties), and any other privacy-related information that is required to be redacted by law (such as 21 C.F.R. 20.63);

(g) names and any information that would identify the voluntary reporter or any other person associated with an adverse event involving a human drug, biologic, or medical device product, including, but not limited to, the name, address, institution, or any other information that would lead to the identities of the

reporter or the persons identified in the report, and any other privacy-related information that is required to be redacted by law (such as 21 C.F.R. 20.63); and

> (h)     any other information protected from disclosure by statute.

2.2     Any discovery materials so redacted shall have "REDACTED" stamped on each page from which material or information has been redacted.

2.4     Should the producing party redact information, that party shall provide the requesting party with a log which allows the requesting party to reasonable ascertain the nature of the privilege.  This log shall be provided within 60 days after the production of the redacted materials.  The parties acknowledge and agree that reasonable extensions to this deadline will be afforded if good cause exists.  In the event that portions of a document are redacted such as an email chain, the producing party shall provide sufficient information to understand the nature of each redaction in the document.

2.3     If there is a dispute whether any redacted material qualifies for redaction under this paragraph, counsel may move for ruling, which may require this Court's *in camera* inspection of a document on the issue of whether certain information is entitled to redaction.

3.     **Use of Confidential Information**

3.1     All documents and information designated in good faith by a party to the Action as Confidential Information shall be used solely for the purposes of this

Action and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, product development, intellectual property development, or in any other legal proceeding, action or matter and shall not, directly or indirectly, in whole or in part, be revealed or disclosed, or made available for inspection or copying to persons other than "qualified persons" as defined in paragraphs 3.2, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment A hereto). This "Action" specifically refers to the pretrial proceedings and trial or settlement including any appeal of Vallejo v. Amgen Inc., Wyeth, Inc. and Pfizer Inc., United States District Court for the District of Nebraska, Case No. Case No.: 8:14-CV-00050-LSC-CRZ.

3.2 "Qualified Person" for Confidential Information means:

(a) Counsel of record in this action and such partners, associate attorneys, paralegal assistants and stenographic or clerical employees of such counsel as have been assigned to assist counsel in the prosecution, defense or settlement of this action;

(b) Persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify;

(c) Any party, including employees of a party, but only to the extent counsel shall certify that the specifically named individual party or

employee's assistance is necessary to the conduct of the litigation in which the information is disclosed;[1]

(d)     Any expert or consultant, including any employees thereof, used or retained by counsel or a party as an expert or consultant, to the extent deemed necessary by counsel to aid in the prosecution, defense or settlement of this Action, provided that: (i) such expert is not currently an employee, officer, or director of any competitor of any named defendant and (ii) each such expert has read this Stipulated Protective Order in advance of disclosure and undertakes in writing to be bound by its terms.  A copy of such writing shall be furnished to the producing party on reasonable request as set forth in paragraph 3.3, except consulting experts shall not be disclosed.  For good cause shown, the Producing Party may ask the Court to order the identification of such consulting experts;

(e)     The Court or any other Court having jurisdiction over discovery procedures in this Action;

(f)     Any person designated by the Court in the interest of justice, upon such terms as the Court, may deem proper;

---

[1]     At or prior to the time such party or employee completes his or her acknowledgment of review of this Order and Agreement to Maintain Confidentiality (Attachment A hereto), counsel shall complete a certification in the form shown at Attachment B hereto.  Counsel shall retain the certification together with the form signed by the party or employee.

(g)     Any court reporter or typist recording or transcribing testimony in this Action and any outside independent reproduction firm;

(h)     Any person who was the author, recipient or copy recipient of a document for the purpose of interrogation of such person at trial, by deposition or during the course of preparation for trial or deposition;

(i)     In-house counsel for a party;

(j)     In the event that any of the foregoing persons ceases to be engaged in the preparation of this Action, access by such person(s) to discovery material designated as Confidential shall be terminated.  Any such material in the possession of any such person(s) shall be returned or destroyed.  The provisions of this Order shall remain in full force and effect as to all such person(s) as to all such material and the obligations not to disclose any portions of such material, except as may be specifically ordered by the Court.

3.3     No person receiving discovery material or transcript designated as Confidential shall disclose it or its contents to any person other than those described in paragraphs 3.2.  No such disclosure shall be made for any purposes other than those specified in Paragraphs 3.1 and 3.2, and in no event shall such person make any other use of such discovery material or transcript.  Counsel shall be responsible for obtaining prior written agreement to be bound to the terms of this Order from all persons to whom any discovery material or transcript so

designated is disclosed.  Such written agreement shall be obtained by securing the signature of any recipient of such discovery material or transcript at the foot of Attachment A to this Order after having such recipient read the Order and having explained its contents to such recipient.  Counsel shall be responsible for maintaining a list of all persons to whom any discovery material or transcript so designated is disclosed and, for good cause shown, such list shall be available for inspection by counsel for other parties upon order of the Court.

3.4    Before disclosing any Confidential Information to any person listed in sub-paragraph 3.2(b) who is a competitor (or employee of a competitor) of Amgen Inc. ("Amgen"), Wyeth, Inc. ("Wyeth") and Pfizer Inc ("Pfizer"), the parties shall give at least ten days' advance notice in writing to counsel for Amgen, Wyeth, and/or Pfizer stating the names and addresses of the person(s) to whom the disclosure will be made, and stating the purpose of such disclosure.  If within the ten-day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible until and unless the Court denies such motion.  If Amgen, Wyeth and/or Pfizer has reason to believe that a competitor has improperly acquired or learned of Confidential Information, upon written demand from Amgen, Wyeth and/or Pfizer, the Receiving Party shall reveal to Amgen, Wyeth and/or Pfizer whether Confidential Information was disclosed to any officer, director, or employee of such competitor.  Such request may only be made by Amgen, Wyeth

and/or Pfizer upon a good faith belief that information has been improperly received by a competitor and Amgen, Wyeth and/or Pfizer shall disclose the reasons for such belief.

3.5     All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as confidential under this Order or any portion of such a document, shall be immediately affixed with the designation of "CONFIDENTIAL" if the words do not already appear on the copy. All such copies shall be afforded the full protection of this Order. The producing party must insure that no portion of the document is obliterated in designating the document as "CONFIDENTIAL".

3.6     Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as Confidential pursuant to the terms of this Order.

4.     **Designation of Confidential Information**

4.1     **Documents.**   Any Producing Party may, in good faith, designate Confidential Information contained in a document or thing specifically by marking the document or thing as "CONFIDENTIAL" or by designation, in writing, identifying the Bates stamp number which has been assigned to the document or thing.   Documents shall be designated "CONFIDENTIAL" prior to, or contemporaneously with, the production or disclosure of the documents, which

may be designated "CONFIDENTIAL" subsequent to their production.

4.2 **Depositions.** Any Producing Party may, in good faith, designate information or documents disclosed during deposition as Confidential Information by indicating on the record at the deposition that the entire deposition testimony, or any specified part of the testimony given or to be given, and/or all or any part of the document or thing marked for identification at such deposition is Confidential Information subject to the provisions of this Stipulated Protective Order. Within thirty days after receipt of a deposition transcript, any Producing Party may specifically designate information not previously designated as confidential as Confidential Information, by notifying all parties in writing of any specific pages and lines of the transcript which contain the Confidential Information. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control.

4.4 **Interrogatories.** Any party may, in good faith, designate Confidential Information contained in response to an interrogatory by designating the responses Confidential, or the Receiving Party otherwise shall be advised in writing of such confidential status, and the information may be served and filed in a separate document if desired.

5. **Mistake or Inadvertence.** Notwithstanding the procedure set forth in paragraph 4, above, documents or other discovery materials produced and not

designated as CONFIDENTIAL through mistake or inadvertence shall likewise be deemed confidential upon notice of such mistake or inadvertence. The inadvertent failure to designate or withhold any information as CONFIDENTIAL or privileged will not be deemed to waive a later claim as to its confidential or privileged nature pursuant to Federal Rule of Evidence 502(b). Moreover, where a Producing Party has inadvertently produced a document which the Producing Party later claims should not have been produced because of privilege, the Producing Party may require the return of any such document within 10 days of discovering that it was inadvertently produced (or inadvertently produced without redacting the privileged content). A request for the return of any document shall identify the document by Bates number and the basis for asserting that the specific document (or portions thereof) is subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from discovery, the basis for asserting that the production was inadvertent, and the date of discovery that there had been an inadvertent production. The inadvertent production of any document which a Producing Party later claims should not have been produced because of a privilege will not be deemed to be a waiver of any privilege to which the Producing Party would have been entitled had the privileged document not inadvertently been produced. If a Producing Party requests the return, pursuant to this paragraph, of any such document from another party, the party to whom the request is made shall

within 10 days return to the requesting party all copies of the document within its possession, custody, or control – including all copies in the possession of experts, consultants or others to whom the document was provided. In the alternative, the Receiving party may destroy and or delete the documents provided the destroying party provides a certification that all such documents have been destroyed or deleted within ten (10) days of the destruction or deletion. In the event that only portions of the document contain privileged subject matter, the Producing Party shall substitute a redacted version of the document at the time of making the request for the return of the requested document. In the event the Receiving Party contests the claim of privilege or inadvertent production, the Receiving Party shall file a motion within 10 days after the return of the document to obtain a court determination that the document is not privileged.

**6.** **Challenge of Designation.** The Receiving Party shall not be obligated to challenge the propriety of the Confidential Information designation at the time made or upon a submission to the Court. In the event a party disagrees at any stage of these proceedings with the Producing Party's designation of Confidential Information, the parties shall first try to dispose of such dispute in good faith on an informal basis. A party who contends that documents designated Confidential are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge. The party who so

designated the documents shall have 15 days from service of the written notice to determine if the dispute can be resolved without judicial intervention. If a dispute cannot be informally resolved, the Receiving Party may seek appropriate relief from this Court, and the Producing Party shall have the burden of proving that the information is entitled to confidentiality protection unless otherwise provided by the applicable law. The Confidential Information shall remain Confidential and under the status given to it by the designating party unless and until: (1) the party who claims that the documents are confidential withdraws such designation in writing; or (2) the Court rules that the documents should no longer be designated as confidential information.

7. **Court Filings.** In the event a party seeks to file any material that is subject to protection under this Order with the court, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (*e.g.*, in relation to discovery and evidentiary motions), filing the document with restricted access pursuant to NECivR 5.3(c); or (3) where the preceding measures are not adequate, complying with the requirements of NECivR 7.5, which controls filing of documents in this Court under seal.

8. **Subpoena by the Courts or Agencies.** If another court or an administrative

agency subpoenas or orders production of Confidential Documents that the parties have obtained under the terms of this Order, the parties shall promptly notify Amgen, Wyeth and/or Pfizer of the pendency of such subpoena or order.

9.      **Client Consultations.**   Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Confidential Documents; provided, however, that rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of paragraph 4.

10.     **Use**.   Persons obtaining access to Confidential Documents under this Order shall use the information only for preparation and trial of this case , and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.

11.     **Treatment on Conclusion of Litigation.**

        11.1   **Non-Termination.**  The provisions of this Order shall not terminate at the conclusion of this action.  This Order shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of this Court for the purposes of enforcement of the confidentiality terms of this Order.

        11.2   **Return of Confidential Documents**.   Within 120 days after final

conclusion of all aspects of this lawsuit, including conclusion of any appeal, all Confidential Documents and all copies of same (other than exhibits of record) shall be returned to the Producing Party unless: (1) the parties stipulate to destruction in lieu of return at the cost of the Receiving Party or (2) as to documents containing the notations, summations, or other mental impressions of the Receiving Party, that party elects destruction. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Producing Party not more than 150 days after final conclusion of this litigation.

12. **Modification Permitted.** Nothing in this Order shall prevent a party from seeking modification of this Order, or from objecting to discovery that it believes otherwise to be improper.

13. **Responsibility of Attorneys.** The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of Confidential Documents. Parties shall not duplicate any Confidential Document except working copies and for filing in court under seal. All copies made of Confidential Documents shall bear the appropriate confidential designation.

14. **No Waiver.**

14.1 Review of the Confidential Information by counsel, experts, or consultants for litigants in the lawsuit shall not waive the confidentiality of the

documents or objections to production.

14.2   The Parties hereby agree that the inadvertent disclosure or production of confidential Information shall not constitute waiver of the "Confidential" status of the Information pursuant to Federal Rule of Evidence 502(b).  In the event that any Information designated as "Confidential" is inadvertently disclosed or produced to an individual not permitted under this Order to receive or view such Information, the Producing Party must be informed immediately and such Information must immediately be returned to the Producing Party.

14.3   The Parties hereby agree that the inadvertent disclosure or production of privileged or attorney work product material shall not constitute waiver of any applicable privileges or protections. In the event that privileged or attorney work product material is inadvertently disclosed or produced, the Receiving Party must immediately notify the Producing Party in accordance with Paragraph 5 of this Order.

14.4   The inadvertent, unintentional, or *in camera* disclosure of Confidential Documents and information shall not, under any circumstances, be deemed a waiver in whole or in part, of any party's claims of confidentiality.

14.5   Nothing contained in this Stipulated Protective Order shall constitute a waiver of, or otherwise prejudice, the Producing Party's right to protect from disclosure any information based on any applicable privilege, right of privacy,

trade secret protection or other statutory common law immunity.

15.     Nothing contained in this Stipulated Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged confidentiality, relevancy, admissibility, or discoverability of the Confidential Documents and information sought.

16.     **Persons Bound**.  This Order shall take effect when entered and shall be binding upon:  (1) counsel who have signed below and their respective law firms and (2) their respective clients.

**IT IS SO ORDERED:**

Upon the court's review of the parties' discovery agreement, (as set forth above), including their agreement regarding the application of Rule 502 to their discovery processes,

IT IS ORDERED:

In accordance with Rule 502(d) and (e) of the Federal Rules of Evidence and the authority granted therein, the terms of the parties' discovery agreement are hereby ordered and enforceable against the parties herein and all persons in federal and state proceedings, including third parties.

Dated April 11, 2016.

BY THE COURT:

_____
United States Magistrate Judge

**ATTACHMENT A – AGREEMENT TO MAINTAIN CONFIDENTIALITY**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| | ) | |
| JAN VALLEJO, *INDIVIDUALLY AND* | ) | |
| *AS PERSONAL REPRESENTATIVE OF* | ) | |
| *THE ESTATE OF STEVE VALLEJO* | ) | ) |
| | ) | |
| Plaintiff, | ) | Case No.: 8:14-CV-00050-LSC-CRZ |
| v. | ) | |
| | ) | |
| AMGEN INC., *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

I, _____ [Name - Print or Type], hereby acknowledge that I have been given and have read a copy of the Protective Order in this case, dated _____, 2016.

I understand and will strictly adhere to the terms of said Order.

I acknowledge that:   I am not currently an employee, officer, or director of any competitor of Amgen Inc., Wyeth, Inc. and Pfizer Inc.

I understand that material to be disclosed to me is subject to the order of this Court and that I am prohibited from copying, disclosing or otherwise using such material except as provided by said court order.  I understand that unauthorized disclosure of the stamped confidential documents may constitute contempt of court.

I agree to be subject to personal jurisdiction of the United States District Court for the Northern District of Florida for the purpose of enforcing my

obligations under this Agreement, the order, and any contempt proceeding that may be instituted for alleged violation thereto.

I understand that my execution of this Agreement to Maintain Confidentiality, indicating my agreement to be bound by said order, is prerequisite to my review of any produced document and materials.

Name:_____

Job Title:_____

Employer:_____

Business Address:_____


Date: _____       Signature: _____

**ATTACHMENT B – CERTIFICATION OF NEED FOR ASSISTANCE**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAN VALLEJO, *INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF STEVE VALLEJO*<br><br>Plaintiff,<br><br>v.<br><br>AMGEN INC., *ET AL.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | )<br><br>Case No.: 8:14-CV-00050-LSC-CRZ |

Pursuant to the Stipulated Protective Order entered in this action, most particularly the provisions of Paragraph 3.2, I hereby certify that the assistance of _____ is reasonably necessary to the conduct of this litigation and that this assistance requires the disclosure to this individual of information that has been designated as CONFIDENTIAL.

I have explained the terms of the Stipulated Protective Order to the individual named above and will obtain his or her signature on an "Agreement to Maintain Confidentiality" prior to releasing any confidential documents to the named individual, and I will release only such confidential documents as are reasonably necessary to the conduct of the litigation.

The individual named above is:

1.    A named party;

2.    An employee of named party _____.  This employee's job title is _____ and work address is _____

_____.

Date: _____     Signature: _____