IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAN VALLEJO, Individually and As Personal Representative of Steve Vallejo;<br><br>Plaintiff,<br><br>vs.<br><br>AMGEN, INC., WYETH, INC., AND PFIZER, INC.,<br><br>Defendants. | 8:14CV50<br><br>**MEMORANDUM AND ORDER** |

Plaintiff moved for clarification of my order dated March 28, 2016, ([Filing No. 86](#)), and thirty minutes later, filed an objection asking Judge Smith Camp to reverse that same order. ([Filing No. 88](#)). The March 28, 2016 order, ([Filing No. 83](#)), includes the undersigned magistrate judge's proportionality analysis and decision on the parameters of permissible "general causation" discovery. That determination will, in turn, inform the parties regarding the scope of deposition questioning.

Seven days after filing the motion to reconsider and the objection, and more than a week before Defendants' responses to those filings were due, Plaintiff served a notice to depose Jan Isles and to conduct a 30(b)(6) deposition of Defendant Amgen. Defendants asked the Plaintiff to withdraw the 30(b)(6) deposition notice. Plaintiff refused. Defendants have moved for a protective order, arguing the noticed 30(b)(6) deposition exceeds the scope of discovery permitted under my March 28, 2016 order. ([Filing No. 90](#)).

Plaintiff's objection to the March 28, 2016 order argues my ruling improperly and unreasonably limits the scope of Plaintiff's discovery. As I stated during the prior hearing, absent a ruling by the court on the scope of discovery allowed at this time, the scope of Plaintiff's 30(b)(6) deposition notice will prompt another significant discovery

dispute and result in a deposition riddled with objections. The scope of discovery has not been finally decided by the trial court. Until Judge Smith Camp rules on Plaintiff's objection to my order, the scope of discovery remains in dispute. Judge Smith Camp's ruling will inform the parties as they pursue discovery moving forward, including during Plaintiff's noticed depositions.

As such, it would be premature to take depositions before the ruling on Plaintiff's objection. And it makes little sense to invest judicial resources in drafting an order "clarifying" my March 28, 2016 order when that same order is currently subject to appellate review by Judge Smith Camp.

The court notes that Solomon Radner, an attorney, is apparently representing Plaintiff in this case, but he has not entered an appearance and is not licensed to practice law in Nebraska. If Solomon Radner is assisting in Plaintiff's representation, he must enter an appearance and thereby submit to this court's rules governing attorney conduct in this forum. [1]

---

[1] While Plaintiff's counsel of record has been admitted pro hac vice for this case, pursuant to Nebraska General Rule 1.7 (i):

> A judge may require an attorney who is not a resident of this district to associate with an attorney who is both a resident of this district and a member of this court's bar. This resident attorney's name must be identified on all documents filed thereafter and that attorney must continue in the case unless another resident attorney makes an appearance. The resident attorney need not be present in court during all proceedings unless the court orders otherwise. The resident attorney must have full authority to act for and on behalf of the client in all matters, including appearing at pretrial conferences, trial, or any hearings.

NEGenR 1.7(i). The court is considering whether to implement this rule in the present complex litigation. Plaintiff is encouraged to consider engaging experienced Nebraska counsel (an attorney who is a resident of this district, has been a member of this court's bar for a minimum of each of the last ten years, has never been suspended or disbarred from the practice of law by any jurisdiction, and has significant federal court civil litigation experience--providing primary or lead representation in no fewer than ten civil cases in this court over three last ten years).

Accordingly,

IT IS ORDERED:

1) Defendants' motion for protective order, ([Filing No. 90](#)), is granted. No depositions will be taken or noticed until Judge Smith Camp rules on Plaintiff's objection, ([Filing No. 88](#)), to my order dated March 28, 2016, ([Filing No. 83](#)).

2) Plaintiff's motion for clarification, ([Filing No. 86](#)), is denied.

3) On or before May 23, 2016, Attorney Solomon Radner shall either enter an appearance and thereby submit to this court's rules governing attorney conduct, or cease representation of Plaintiff in this case.

May 9, 2016.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge