IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAN VALLEJO, Individually and As Personal Representative of Steve Vallejo;<br><br>           Plaintiff,<br><br>    vs.<br><br>AMGEN, INC., WYETH, INC., AND PFIZER, INC.,<br><br>           Defendants. | **8:14CV50**<br><br>**ORDER** |

      Plaintiff's motion to compel is pending and fully submitted. (Filing No. 106). It seeks leave to depose additional employees of the defendant.

      Plaintiff's lawsuit has been pending in this court for over two and a half years. Plaintiff's counsel waited more than two months to serve waivers of service on the defendants. Defendants initially responded by filing Rule 12(b)(6) motions. The court dismissed Plaintiff's claims based on strict liability and negligent failure to warn to the extent they alleged post-sale duties to warn, Plaintiff's claims for relief based on breach of express warranty and negligence (Counts III and IV), Count VII to the extent it presented a claim based on fraud, and Plaintiff's claims alleging violations of the Nebraska Uniform Deceptive Trade Practices Act, Neb.Rev.Stat. § 87-301 et seq. ("UDTPA") and/or Nebraska Consumer Protections Act, Neb.Rev.Stat. §§ 59-1601 et seq. ("NCPA"). (Filing No. 26). Plaintiff was granted leave to amend and filed an amended complaint on October 13, 2014. (Filing No. 27).

      Defendants assert there is no reliable scientific basis for a claim that ingesting Enbrel can cause Myelodysplastic Disorder (MDS) which, according to plaintiff's

counsel, was the cause of Steve Vallejo's death.[1] At the outset of this case, Plaintiff's counsel acknowledged he had no expert testimony to support a claim that ingesting Enbrel can cause MDS. But he did state that under Canadian law, MDS is listed on the pharmaceutical labelling for Enbrel. Based on this undisputed representation, the court granted latitude to Plaintiff's counsel. The court rejected Defendants' motion for a *Lone Pine* order, but it did order phased discovery, with the first phase limited to deciding whether ingesting Enbrel can cause MDS. See [Filing No. 55](). Thereafter, the parties have engaged is repeated motion practice over the scope of discovery.

Plaintiff's pending motion to compel requests a written case scheduling order. Since the tenor of this case is highly confrontational, and the need for judicial intervention is the norm, in lieu of a written scheduling order, the court has held four lengthy conference calls with the parties—each resulting in the imposition of case deadlines. In December, the court presided over a three-hour discovery hearing held on the record. Thereafter, the deposition of Dr. Isles, was started but discontinued in California due to ongoing deposition disputes that the parties could not resolve and the court could not decide over the phone. So the court personally presided over the six-hour deposition of Dr. Isles yesterday, listening intently to complex testimony about the pharmacological industry and its practices and the MDS disease process, and fielding a near-constant battery of objections, arguments, and re-arguments over the court's past and present rulings.

Plaintiff's counsel has now received written discovery (albeit not everything he wants and demands) from the defendants, and he has deposed Dr. Isles, the sole witness

---

[1] Plaintiffs' complaint alleges Steve Vallejo died on May 21, 2011, from complications arising from myelodysplastic syndrome ("MDS") (serious infections) after ingesting the prescription drug, Enbrel® (etanercept). Based on the representations of plaintiff's counsel during yesterday's deposition of Dr. Jan Isles (an Amgen witness), Steve Vallejo's MDS progressed to Acute Myeloid Leukemia (AML) before his death. MDS, along with several other causal agents or precedent disorders, can progress to AML.

Amgen currently intends to call at trial to refute any general causation claim. During Dr. Isles' deposition, Plaintiff's counsel asked for database searches performed by Amgen in preparation for litigation and regarding any causal connection between Enbrel and MDS, stating he needs Amgen's work product or in lieu thereof, full and complete access to all Enbrel data in Amgen's databases to further explore or buttress his claim that Enbrel can cause MDS. But even absent Amgen's database information, Plaintiff's counsel was able to confront Dr. Isles with case reports, letters, and articles which he claims support a finding that Enbrel can cause MDS. In addition, Plaintiff's counsel is able to, and has demonstrated his ability to independently search and obtain information from drug reporting databases in the public domain. Dr. Isles testified that Amgen posts all adverse events on FDA's site, which is then available to the public. Finally, Plaintiff's counsel has full access to Steve Vallejo's medical records and history, and likely to his treating physicians.

Plaintiff has filed a motion to compel, requesting leave to depose additional employees of the Defendants. He also intends to demand production of additional documents. A federal court is required to actively manage its docketed cases and caseload to achieve the "just, speedy, and inexpensive determination of every action." [Fed.R.Civ.P. 1](). At the outset of this lawsuit, Plaintiff's counsel acknowledged that he lacked any expert opinion supporting a causal connection between Enbrel and MDS—he needed discovery from the defendants before he could support that prima facie element of his case. Rather than immediately explore the boundaries of Rule 11, the court permitted written and limited deposition discovery. And during the deposition of Dr. Isles yesterday, Plaintiff's counsel acknowledged he now has an expert to support Plaintiffs' claims. That expert has not been disclosed.

Accordingly,

To further the purposes and goals of Rule 1,

IT IS ORDERED:

1) On or before September 12, 2016, Plaintiff's counsel shall serve complete expert disclosures for all experts expected to testify at trial on behalf of the Plaintiff, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), on the issue of whether ingesting Enbrel can cause MDS.

2) Plaintiff's motion to compel further depositions of Defendants' employees, (Filing No. 106), is denied without prejudice. Further depositions may later be permitted upon a showing that Plaintiff can present scientifically reliable evidence and opinions supporting the allegation that Enbrel can cause MDS.

3) The telephonic hearing scheduled for August 18, 2016 is cancelled.

August 11, 2016.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge